# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-10-TLS-SLC |
| | ) | |
| | ) | |
| DEWAYNE LEWIS | ) | |

## OPINION AND ORDER

Before the Court are Defendant Dewayne Lewis's consolidated motion to dismiss indictment (DE 33), first motion to amend evidentiary hearing issue (DE 69), motion to quash search warrant (DE 72), and second motion to amend hearing issue (DE 85). These matters have been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b). (DE 57). A hearing on the pending matters in this case is currently scheduled to be held on February 9-10, 2016, which will include the taking of evidence. (DE 94). At a status hearing held on February 4, 2016, the parties inquired regarding the scope of the issues to be addressed at the hearing on February 9-10, 2016. The Court agreed to provide the parties with a written outline of the issues for the upcoming hearing, which will follow at the conclusion of this Order.

### A. Lewis's First Motion to Amend the Hearing Issues

The Court's initial Order regarding the scope of the evidentiary hearing in this case defined the issues to be heard as: "(1) whether Lewis's interview statements were voluntary; and (2) whether the use of a drug detection dog to sniff the door to Lewis's hotel room constituted an illegal search." (DE 66). Lewis then filed his first motion to amend the hearing issues, in which he requested to withdraw the issue of voluntariness regarding his interview statements and

requested to substitute as an issue whether probable cause existed for the search of his hotel room and his arrest. (DE 69). The government, in its response, states that it does not object to Lewis's withdrawal of the voluntariness issue, but does object to Lewis's request to add an issue as to probable cause for the search of the hotel room, as the government contends that this is a *Franks* matter and thus Lewis may not present evidence on this issue, as the probable cause review must be confined to the search warrant affidavit. (DE 70). In Lewis's reply brief, he contends that "the warrant was based on false information recklessly supplied in the affidavit," but he does not specify which portions of the affidavit he is contending were false or recklessly supplied. (DE 73 at 1-2).

"[A] search warrant is not valid if the police obtain it by deliberately or recklessly presenting false, material information to the issuing judge." *United States v. McMurtrey*, 704 F.3d 502, 508 (7th Cir. 2013). "The Fourth Amendment requires an evidentiary hearing on the veracity of a warrant affidavit, and ultimately on the constitutionality of the search, when a defendant requests such a hearing and 'makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause.'" *Id.* (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). "The defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the claim of falsity should be substantiated by the sworn statements of witnesses." *Id.* (quoting *Franks*, 438 U.S. at 171).

Here, Lewis fails to allege in his motion that the warrant affidavit pertaining to the search of his hotel room contained any intentionally or recklessly false statements, and his reply brief

2

makes only a conclusory allegation without specifying any portions of the affidavit. This fails to satisfy the requirements for a *Franks* hearing, and because the issuing judge relied upon only the warrant affidavit in making the probable cause determination, this Court's probable cause review of the search conducted pursuant to the warrant is limited to the four corners of the affidavit. *See United States v. Shelton*, 418 F. App'x 514, 517 (7th Cir. 2011) (citations omitted). Thus, Lewis's first motion to amend the hearing issues (DE 69) must be DENIED, because any review by the Court as to whether probable cause existed for the search of his hotel room would not include the taking of evidence.

### B. Lewis's Motion to Quash the Search Warrant Pertaining to His Hotel Room

Lewis's next pending motion is his motion to quash. (DE 72). In this motion, Lewis seeks to quash what he describes as "the allege[d] search warrant issued 2-3-15 by the Greenwood City Court under case number 41H02-1502-MC5" pertaining to the search of his hotel room. (DE 72 at 1). As grounds for quashing the search warrant, Lewis appears to be contending that the search warrant does not actually exist, as he states that "the Greenwood City Court Clerk Office and Johnson County Prosecutor Office informed that they have no documentation in their files attached to case number 41H02-1502-MC5 which the allege[d] search warrant was filed under, nor is there a (CCS) Criminal Case Summary on file for this matter; Probable Cause Affidavit, Search Warrant, Return on Property Seized, [or] Motion to Keep Confidential and Order." (DE 72 at 3). The government has not filed any response to Lewis's motion to quash, and the Court is unable to rule upon this motion without further information. The Court therefore DIRECTS the government to be prepared to respond to this motion at the upcoming scheduled hearing.

### C. *Lewis's Second Motion to Amend the Hearing Issues*

The Court will now turn to Lewis's second motion to amend the hearing issues. (DE 85). In this motion, Lewis seeks to add as an evidentiary hearing issue a challenge to the validity of the trap and trace warrant issued by the Superior Court of Marion County, Indiana. Lewis alleges that the warrant was based on false and misleading information in the supporting application, because the application for the warrant states that the trap and trace warrant is "relating to a missing person investigation" while the order itself states that it relates "to an ongoing criminal investigation." (DE 85 at 4 (citing DE 85-1 at 6-7)). Lewis also argues that the application for the warrant described a "Dewayne Lewis" with a different date of birth, who is not the Defendant in this action. (DE 85 at 4-5). Lewis states that police reports show that the officers decided to pursue him even after learning that he was not the "Dewayne Lewis" listed in the trap and trace warrant, and he argues that the officers should have informed the magistrate who issued the warrant of the new facts. (DE 85 at 5). He therefore argues that the warrant was invalid and all of the officers' actions subsequent to their realization that he was a different "Dewayne Lewis" than the one listed in the warrant were illegal, and any evidence the officers obtained against him was fruit of the poisonous tree. (DE 85 at 5-6).

In the government's response (DE 86), it argues that Lewis is not entitled to a *Franks* hearing regarding the trap and trace warrant because he has not made any showing that the officer who applied for the warrant presented deliberate falsehoods or recklessly disregarded any substantial doubts about the identification of a "Dewayne Lewis" provided by an informant when the officer submitted the application to the magistrate. The government argues that an alleged case of mistaken identity is not sufficient to justify a *Franks* hearing, because it is not an

4

intentional or reckless falsehood.

Lewis filed a reply brief in support of his motion (DE 98), in which he reiterates arguments made in his motion that on February 3, 2015, the officers realized that the warrant affidavit provided false and misleading information because it identified a different "Dewayne Lewis," who was a fugitive from justice for a parole violation, when the correct "Dewayne Lewis," the Defendant, was not a fugitive from justice. Lewis contends that the officers "illegally continued using the same affidavit for trap and trace warrant order filed in Marion County Superior Court 1-30-2015 knowingly and intentionally with reckless disregard for the truth to locate the defendant, Dewayne Lewis a civilian." (DE 98 at 4). Lewis argues that the officers, after realizing that the "Dewayne Lewis" (the Defendant) who was the correct target of the investigation did not have an active warrant for a parole violation and had a different date of birth, nevertheless "intentionally, knowingly and with reckless disregard for the truth continued on with the false fugitive pretense information on the defendant 27 minutes later on 2-3-2015 at 14:49 hrs (2:49 p.m.) with an initial ISP dispatch, dispatcher #8228 call out on a possible fugitive staying in room 211 at the Red Roof Inn," which he contends "was issued without a doubt from the continued use by law enforcement to continue illegally executing the trap and trace warrant to locate cellular number 317-507-8010 utilized by a civilian the defendant who was not a fugitive." (DE 98 at 6-7).

As discussed above with regard to Lewis's first motion to amend the hearing issues, a defendant is entitled to a *Franks* hearing only where he "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary

5

to the finding of probable cause." *McMurtrey*, 704 F.3d at 508 (quoting *Franks*, 438 U.S. at 155-56).

Here, Lewis argues that officers made a false statement knowingly and intentionally, or with reckless disregard for the truth, by failing to inform the magistrate who issued the trap and trace warrant when they learned that the warrant application identified the wrong "Dewayne Lewis." Lewis is not arguing that the officers knew any of the information included in the application for the trap and trace warrant was false at the time of the application, nor is he arguing that the officers acted with reckless disregard for the truth at the time of the application. Instead, Lewis argues that by continuing to use the trap and trace warrant to locate his cellular telephone, without informing the issuing magistrate of the new information, the officers invalidated the warrant.

The officers' inclusion of the information regarding the wrong "Dewayne Lewis"—who was, unlike Defendant Lewis, a fugitive from justice on a parole violation—seems to be nothing more than a case of mistaken identity, which was caused by the informant's identification of another man by the same name as a member of the conspiracy who was in possession of the (317)507-8010 cellphone number. Because Lewis has not shown that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," *see McMurtrey*, 704 F.3d at 508 (quoting *Franks*, 438 U.S. at 155-56), the government is correct that Lewis is not entitled to a *Franks* hearing on this matter.

However, officers have an obligation to stop executing a warrant once they become aware of a material error in the facts underlying probable cause for the warrant; the executing officers must return to the neutral magistrate for a determination as to whether probable cause continues

6

to exist. *See Maryland v. Garrison*, 480 U.S. 79, 86-87 (1987) (once officers are put on notice of the risk of error within the warrant, they are required to discontinue the search); *Jones v. Wilhelm*, 425 F.3d 455, 464 (7th Cir. 2005) ("Where an officer executing a warrant knows or should have known that a warrant, which was valid when issued, now lacks the necessary particularity, then that officer cannot legally execute the warrant."); *United States v. Bowling*, 900 F.2d 926, 933 (6th Cir. 1990) (citing *Johnson v. United States*, 333 U.S. 10, 14 (1948)) (finding that the Supreme Court's admonition "that in the absence of urgent circumstances officers should rely not on their own discretion, but should instead resort to a neutral magistrate, to determine whether probable cause to conduct a search exists" "is equally applicable to cases in which officers possess a warrant but are alerted to circumstances which affect the probable cause for its execution"); *United States v. Marin-Buitrago*, 734 F.2d 889, 894 (2d Cir. 1984) ("[W]hen a definite and material change *has* occurred in the facts underlying the magistrate's determination of probable cause, it is the magistrate, not the executing officers, who must determine whether probable cause still exists"; thus, "the magistrate must be made aware of any material new or correcting information."). The Seventh Circuit has made it clear that "evidence obtained pursuant to a facially valid warrant issued by a neutral, detached magistrate" will be suppressed "only if: (1) the warrant is later invalidated; and (2) the police could not have relied in objective good faith upon the neutral and detached magistrate's decision to issue the warrant." *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (citing *United States v. Leon*, 468 U.S. 897, 914 (1984)). The Seventh Circuit has further held that the good faith exception does not apply where an officer executes a warrant when he knew or should have known, prior to execution, that the warrant had a "fatal defect." *Jones*, 425 F.3d at 464-65.

Here, Lewis contends that the officers who executed the trap and trace warrant against him learned that the "Dewayne Lewis" described in the application for the warrant was not the "Dewayne Lewis" who was the correct target of their investigation. (DE 85 at 4-5; DE 85-1 at 15). Specifically, Lewis states that the officers realized that the "Dewayne Lewis" who was the actual target of the investigation had a different date of birth, in 1974, while the "Dewayne Lewis" described in the application for the warrant had a date of birth in 1977. (DE 85-1 at 15). Lewis further contends that the correct "Dewayne Lewis" did not have an active warrant for a probation violation, and therefore was not a fugitive from justice. (DE 98 at 6, 17, 19). Additionally, Lewis states that when the officers realized that the "Dewayne Lewis" who was the correct target of their investigation was a different "Dewayne Lewis" than was described in the trap and trace warrant application, there is no evidence showing that the officers informed the issuing magistrate of this new information. Instead, Lewis contends that the officers continued to trace his cellular telephone with the trap and trace warrant to a hotel room at the Red Roof Inn in Greenwood, Indiana. (DE 98 at 6-7; DE 85-1 at 15, 18). Lewis states that the officers put out a dispatch regarding a "possible Fugitive staying in Room #211 at the Red Roof Inn," even though they knew that Lewis was not a fugitive (DE 98 at 6-7, 22).

The relevant portion of the application for the trap and trace warrant, upon which the issuing magistrate would have found probable cause to issue the warrant, states, in its entirety:

> Applicant certifies that the information sought is relevant and material to a *fugitive investigation*, to wit: that the INDIANA STATE POLICE/US MARSHALS SERVICE are conducting an investigation to locate DEWAYNE LEWIS, *a fugitive from justice*. DEWAYNE LEWIS has an *active warrant* for a PAROLE VIOLATION on an original charge of DEALING COCAINE, IC: 35-48-4-1. On January 30, 2015, Trp. Brian Harshman was

8

> contacted by FBI S/A James Keszei reference assisting in locating and arresting DEWAYNE LEWIS. DEWAYNE LEWIS has an *active warrant* out of the Indiana Department of Corrections for a *parole violation*. S/A Keszei advised that he is currently involved in an investigation involving a drug trafficking organization in which DEWAYNE LEWIS is involved. S/A Keszei advised that during the course of the investigation it has been learned through informants and additional investigations that DEWAYNE LEWIS is utilizing a cellular telephone with an associated number of (317)507-8010. TFO Harshman was able to utilize law enforcement contacts within the Spring Wireless Law Enforcement Compliance Department that (317)507-8010 does indeed belong to their company. Since DEWAYNE LEWIS is utilizing this cellular phone with associated number (317)507-8010, it is believed that the requested records and information will assist officers in locating and arresting DEWAYNE LEWIS.

(DE 85-1 at 7-8 (emphasis added)). The application for the warrant made very clear that the trap and trace for telephone number (317)507-8010 was necessary for a "fugitive investigation" into a "Dewayne Lewis" who had an "active warrant" for a "probation violation." (DE 85-1 at 7-8). Lewis contends that the officers learned that the "Dewayne Lewis" who was the correct target of their investigation had a different date of birth than the "Dewayne Lewis" identified by the informant, and that the correct "Dewayne Lewis" did not have an active warrant out for a probation violation, and thus was not a fugitive from justice. Lewis's argument is therefore that a reasonable inference may be drawn that the officers knew or should have known material facts in the warrant application were no longer correct, particularly as they were then using the trap and trace of telephone number (317)507-8010 to locate someone who was not a fugitive from justice.

Based on the evidence before the Court, which Lewis has submitted as exhibits to his motion and reply brief, Lewis raises the issue that the Court could find the officers' failure to

9

inform the issuing magistrate of the change in material facts invalidated the warrant, and further could find that the officers' continued execution of the trap and trace warrant to locate Lewis in his hotel room was an illegal search not covered by the good faith exception.

Thus, the Court will DIRECT the parties to prepare and present evidence and argument regarding this matter at the evidentiary hearing scheduled for February 9-10, 2016. Specifically, the parties shall present evidence to the Court establishing the complete time line of events, including when the officers learned that material facts in the application for the trap and trace warrant were incorrect and when the officers tracked Lewis's cellular telephone using the trap and trace warrant. The parties shall also be prepared to argue whether the officers' actions invalidated the warrant and whether the good faith exception should apply.

### *D. Conclusion*

As discussed in greater detail above, Lewis's first motion to amend the hearing issues (DE 69) is DENIED, and the Court will not hear evidence or argument regarding whether probable cause existed for the search of Lewis's hotel room, because Lewis has not met the requirements for a *Franks* hearing on this matter.

The Court will hear evidence and argument regarding the following:

(1)   the voluntariness of Lewis's interview statements, if Lewis still desires to proceed on this issue;

(2)   whether the use of a drug detection dog to sniff the door to Lewis's hotel room constituted an illegal search;

(3)   whether the Court should quash the search warrant allegedly issued on February 3, 2015, by the Greenwood City Court authorizing the search of Lewis's hotel room, given Lewis's statement that the Greenwood City Court Clerk has informed him that no such warrant or other materials exist in that case number; and

(4)  whether the trap and trace warrant was invalidated by the officers' failure to inform the issuing magistrate regarding a material change in facts underlying the warrant's probable cause determination, and whether any subsequent continued execution of the trap and trace warrant to locate Lewis was an illegal search or was subject to the good faith exception.

SO ORDERED.

Enter this 5th day of February 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge