UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-10-TLS-SLC |
| | ) | |
| | ) | |
| DEWAYNE LEWIS | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Dewayne Lewis's motion to dismiss for lack of jurisdiction (DE 119). A hearing on this matter, along with other pending matters in this case, was held on April 6, 2016. (DE 130). For the following reasons, and as discussed at the hearing, the undersigned Magistrate Judge RECOMMENDS that Lewis's motion to dismiss be DENIED.

In his motion, Lewis requests that the Court dismiss this case, as he alleges that the Court lacks jurisdiction in this matter. Lewis's argument is essentially that because he was arrested and initially charged by the state in Greenwood, Indiana, which is in the Southern District of Indiana, this Court does not have jurisdiction over the case.

Under 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Lewis has been charged with possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (DE 13). The indictment makes it clear that Lewis has been charged with a federal drug offense under Title 21; "[t]his statutory reference is more than sufficient to specify the basis for federal jurisdiction." *Moreno v. United States*, Crim. No. 04-30071-GPM, 2008 WL 2874932, at *1 (S.D. Ill. July 23, 2008). Accordingly, I find that this Court has jurisdiction over this case.

As to venue, "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. However, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and . . . may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves." 18 U.S.C. § 3237(a). As discussed above, Lewis was charged with possession with the intent to distribute, which is a continuing crime. *United States v. Muhammad*, 502 F.3d 646, 653 (7th Cir. 2007). The Indictment specifically charges Lewis with possessing cocaine with the intent to distribute "[o]n or about February 1, 2015, in the Northern District of Indiana and elsewhere . . . ." (DE 13 at 1). The government explained during the hearing that it has evidence, including Lewis's confession, which will show that Lewis obtained the cocaine at a location in the Northern District of Indiana. Additionally, the date charged in the indictment precedes Lewis's arrest date in the Southern District of Indiana by two days—thus it is apparent that the government is charging Lewis with possession with intent to distribute for the time that he possessed the cocaine within this district. For these reasons, and as discussed further at the hearing, I find that venue is proper in this Court.

Accordingly, I RECOMMEND that Lewis's motion to dismiss the indictment for lack of jurisdiction (DE 119) be DENIED. The Clerk is directed to send a copy of this Report and Recommendation to Lewis and to counsel for the parties. NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. Fed. R.

Crim. P. 59(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

Entered this 7th day of April 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge