UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO. 1:15-CR-10-TLS |
| | ) | |
| DEWAYNE LEWIS | ) | |

**OPINION AND ORDER**

By way of Indictment, Defendant DeWayne Lewis is charged with knowingly and intentionally possessing with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1). Upon referral from this Court, Magistrate Judge Susan L. Collins held an evidentiary hearing on April 6, 2016, received post-hearing briefing, and issued a Report and Recommendation [ECF No. 131], with respect to the Defendant's Motion to Dismiss for Court's Lack of Jurisdiction [ECF No 119], recommending that the Court deny the Motion.

This matter is now before the Court on the Defendant's Objections to the Report and Recommendation [ECF No. 134], and the Government's Response [ECF No. 143].

**ANALYSIS**

Judge Collins has submitted a Report and Recommendation to the district court with respect to the Defendant's Motion to Dismiss for Court's Lack of Jurisdiction. The Report summarizes the basis for the Defendant's Motion: "that because he was arrested and initially charged by the state in Greenwood, Indiana, which is in the Southern District of Indiana, this Court does not have jurisdiction over the case." (Report and Recommendation 1.) The Report then clarifies that reference to a federal drug offense under Title 21 is sufficient to confer jurisdiction. This Court agrees. The Court has jurisdiction over controlled substance offenses

pursuant to the Commerce Clause. *Gonzales v. Raich*, 545 U.S. 1, 15–22 (2005). Therefore, what the Defendant's Motion actually attempted to challenge, was venue.

For purposes of venue, the Report states that 18 U.S.C. § 3237(a) is applicable to this case. It provides:

> [A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and . . . may be inquired of and prosecuted in any district from, through, or into which such commerce . . . moves.

18 U.S.C. § 3237(a). The Indictment charged the Defendant with a continuing crime, specifically with possessing cocaine with the intent to distribute "[o]n or about February 1, 2015, in the Northern District of Indiana and elsewhere " (Indictment, ECF No. 13; *see United States v. Muhammad*, 502 F.3d 646, 653 (7th Cir. 2007) ("distribution and possession with intent to distribute are continuing crimes").) The Report concluded:

> The government explained during the hearing that it has evidence, including Lewis's confession, which will show that Lewis obtained the cocaine at a location in the Northern District of Indiana. Additionally, the date charged in the indictment precedes Lewis's arrest date in the Southern District of Indiana by two days—thus it is apparent that the government is charging Lewis with possession with intent to distribute for the time that he possessed the cocaine within this district.

(Report and Recommendation 2.) Accordingly, the Report recommends that the Defendant's Motion be denied, as both jurisdiction and venue are appropriate in this Court.

On April 21, 2016, the Defendant filed his Objection to Report and Recommendation Made by the Magistrate Judge [ECF No. 134]. Because the Defendant has filed a timely objection to the Magistrate Judge's Report and Recommendation, 28 U.S.C. § 636(b)(1) provides that

2

> the district judge is to make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. The court may accept, reject, modify, in whole or in part, the findings or
> recommendations made by the magistrate judge. The judge also may receive
> further evidence or recommit the matter to the magistrate judge with instructions.

The Defendant asks the Court to reverse the Magistrate's Report and Recommendation.

The Defendant does not specifically challenge any of the Magistrate Judge's findings, or suggest that the factual basis for the Report and Recommendation are erroneous. Rather, he argues that the Government did not have any evidence when it arrested him in Greenwood that he had committed any crimes in the Northern District of Indiana. He contends that they only learned of his activity in the Northern District of Indiana later. The Defendant's arguments do not change the outcome of his Motion, as the findings regarding jurisdiction and venue are not dependent on this timing. Neither are defeated simply because the Defendant was first apprehended for his activity in the Southern District of Indiana. Moreover, venue is not an element of the offense, and at trial, the Government will be required to prove venue by a preponderance of the evidence to the jury. *Muhammad*, 502 F.3d at 652.

The remainder of the Defendant's submission focuses on the voluntariness of his statements, which are not the subject of this Report and Recommendation, which only addressed the Motion to Dismiss filed as docket entry 119. The Defendant also complains about the Magistrate Judge's denial of two other motion he filed: Defendant's Complaint for Prosecutorial Misconduct [ECF No. 107], and; Defendant's Motion to Supplement Evidence for Franks Issue and or Amended Motion to Suppress Evidence [ECF No. 113]. The Magistrate Judge held a hearing on both motions on April 6, 2016. The Defendant's dissatisfaction with the rulings, without further explanation, are not a basis for district court review.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation [ECF No. 131], OVERRULES the Defendant's Objection [ECF No. 134], and DENIES the Motion to Dismiss [ECF No. 119]. Any further motions challenging jurisdiction or venue on grounds that have already been addressed in the record will be stricken without further inquiry or analysis.

SO ORDERED on May 17, 2016.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT