# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:15-CR-10-TLS |
| | ) | |
| DEWAYNE LEWIS | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Franks Hearing on Search Warrant for Hotel Room [ECF No. 132], filed on April 15, 2016. The Defendant claims that the affidavit for a state search warrant contained false information and did not provide probable cause to search.

## BACKGROUND

The Greenwood City Court issued a search warrant on February 8, 2015, to search Room 211 of the Red Roof Inn Hotel located in Greenwood, Indiana. Detective Jay Arnold of the Greenwood Police Department submitted the Probable Cause Affidavit that led to the issuance of the warrant to search for evidence of drugs. Detective Arnold set forth the following facts:

> On 2-3-15 ISP officers received information from other law enforcement officers that a suspected drug trafficker (Dewayne Lewis) was staying at the Red Roof Inn located in Greenwood Indiana. Officers set up surveillance and observed a female who was identified by law enforcement as possibly the wife of Dewayne Lewis arrive at the hotel in a vehicle registered to Dewayne Lewis and enter room 211. She was observed carrying a black gym bag style bag into the room. Officers then observed her exit the room without the bag and leave the property. Dewayne Lewis is suspected in being part of a large scale Cocaine trafficking organization. The hotel room was rented by Michael Jackson with an address in Evansville, Indiana. Officers attempted a stop and talk [at] room 211, but no one answered the door. ISP Tpr. Greg Magee walked his narcotics K-9 "Camo" along the exterior doors of the hotel which is a common area used by the public to get to different hotel rooms on the second floor. When his K-9 "Camo" came to room 211 the K-9 alerted for the presence of narcotics. K-9 "Camo" was last certified in

narcotic detection in September 2014. Based on your affiant's training and experience, a drug detection dog indicating on a door to a hotel room indicates illegal drugs are within the room.

(Probable Cause Aff., ECF No. 133 at 4.)

## ANALYSIS

Probable cause is far short of certainty; it requires only a probability or substantial chance of criminal activity, not an actual showing of such activity or even a probability that exceeds 50 percent. *United States v. Seiver*, 692 F.3d 774, 777 (7th Cir. 2012). Detective Arnold's probable cause affidavit provided the issuing judicial officer with a "substantial basis" to find probable cause. *United States v. Koerth*, 312 F.3d 862, 866 (7th Cir. 2002) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Moreover, search warrant affidavits are presumed to be valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). However, a search warrant is invalid if police officers obtain it by deliberately or recklessly providing the issuing court with false, material information. *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). In *Franks v. Delaware*, the Supreme Court defined the procedure, evidentiary burdens, and proper remedies associated with a defendant's attack on the truthfulness of statements made in a sworn affidavit supporting the issuance of a search warrant. To obtain a *Franks* hearing, the defendant must make a "substantial preliminary showing" of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth. *McMurtrey*, 704 F.3d at 508. "These elements are hard to prove, and thus *Franks* hearings are rarely held" because a defendant seeking a *Franks* hearing "bears a substantial burden to demonstrate probable falsity."

*United States v. Maro*, 272 F.3d 817, 821 (7th Cir. 2001) (citations omitted). "Conclusory, self-serving statements are not enough to obtain a *Franks* hearing." *United States v. Johnson*, 580 F.3d 666, 671 (7th Cir. 2009) (citing *Franks*, 438 U.S. at 171). Allegations of falsehood or reckless disregard for the truth must be "accompanied by an offer of proof." *Franks*, 438 U.S. at 171.

In support of his request for a *Franks* hearing, the Defendant maintains that the officers did not know if the Dewayne Lewis in the hotel room was the same Dewayne Lewis investigators believed they were looking for earlier in their investigation. The Defendant claims that the timeline of events exposes false information in the search warrant affidavit. For example, he claims that no dog sniff occurred because police did not broadcast information about the dog alert until after the warrant was issued. Likewise, he maintains that the information about the vehicle registered in his name, and the woman carrying a black bag, must be false because there was no radio broadcast log entries detailing these facts. In essence, he is claiming that these events never happened. Finally, the Defendant attacks numerous statements on grounds that Detective Arnold did not actually witness the events he described.

None of the Defendant's speculation satisfies the substantial burden to demonstrate probable falsity. The Defendant's speculation about what police broadcast logs should have revealed is not a substantial preliminary showing that the police procured the search warrant with intentional or reckless misrepresentations in the warrant affidavit. There is no evidence that radio communication between investigating officers is recorded in writing, or otherwise

maintained in a way that is accessible later.[1] Presented with the facts that pointed to the existence of drugs in the hotel room, it was not critical to the probable cause determination whether the investigators were certain that the Dewayne Lewis they believed was in the hotel room was the same Dewayne Lewis they identified as their target earlier in the investigation. Finally, there is nothing unusual or inappropriate about an affiant relying upon the observations and work of his fellow law enforcement officers, and an affidavit can properly include hearsay. *See United States v. Daoud*, 755 F.3d 479, 487 (7th Cir. 2014) (citing *Franks*, 438 U.S. at 164–65); *United States v. Spears*, 965 F.2d 262, 277 (7th Cir. 1992) ("In determining whether probable cause exists, a magistrate is entitled to regard an affiant's fellow law enforcement officers as reliable sources."); *United States v. DiNovo*, 523 F.2d 197, 200 (7th Cir. 1975). Detective Arnold's Affidavit revealed that he was relying on information provided to him by other law enforcement officers, including those who were conducting surveillance at the hotel, as well as the trooper whose narcotic detecting K9 alerted to the presence of drugs in the room.

The Defendant has not show that the warrant for the search of the hotel room would not have issued but for misrepresentations made in the Affidavit that Detective Arnold submitted to the Greenwood City Court.

---

[1] An evidentiary hearing held for purposes of deciding a separate motion to suppress revealed that the events outlined in the Affidavit did indeed occur. For example, there is no legitimate dispute that Deputy U.S Marshal Steven Davis observed a white Escalade arrive at the Red Roof Inn where he was conducting surveillance. A black female exited the truck, and she carried a medium-sized duffel bag into room 211, exiting without the bag after being inside only a few minutes. Another officer saw the license plate, and officers soon learned that the Escalade was registered to Lewis. Although Davis was not positive on the time, the Escalade left about 15 to 30 minutes before officers knocked on the door to room 211. Police records reveal that officers knocked on the door to room at 3:35 p.m. The canine alerted at the door of room 211 at 3:41 p.m. The affidavit for the search warrant was then prepared and submitted to the judge, who issued the search warrant at 4:50 p.m. The warrant was executed at 5:05 p.m.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Franks Hearing on Search Warrant for Hotel Room [ECF No. 132]. To receive any further review of this decision, the Defendant must now wait until the resolution of this case in its entirety.

SO ORDERED on October 11, 2016.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT