**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00010-TLS-SLC |
| | ) | |
| DEWAYNE LEWIS | ) | |

## OPINION AND ORDER

Defendant Dewayne Lewis has filed a supplemental post-hearing reply brief regarding the consolidated motion to dismiss the indictment and other evidentiary hearing issues (DE 260), along with attached exhibits (DE 260-1). The government has moved to strike the exhibits Lewis attached to his supplemental post-hearing reply brief. (DE 261). As grounds for the motion to strike, the government states that many of the exhibits were filed in the public record in violation of a protective order previously entered by the Court. Additionally, the government states that none of these exhibits were admitted into evidence during the evidentiary hearings.

The Court conducted a two-day evidentiary hearing regarding the consolidated motion to dismiss the indictment and other evidentiary hearing issues on February 9-10, 2016. (DE 110; DE 111). During the hearing, the Court heard testimony and received evidentiary exhibits submitted by the parties. (DE 112). On January 27, 2017, the Court held a supplemental evidentiary hearing, after Lewis requested that the Court hold a supplemental hearing in order to permit him to introduce newly obtained evidence. (DE 252). At the supplemental evidentiary hearing, the Court heard additional testimony and received additional evidentiary exhibits submitted by the parties. (DE 254).

The purpose of an evidentiary hearing is for the parties to present the Court with the necessary evidence to make a ruling on a matter in dispute between the parties. "[T]he district

court has wide discretion in deciding whether to allow a party to reopen proofs after the close of evidence." *Kafka v. Truck Ins. Exch.*, 19 F.3d 383, 389 (7th Cir. 1994) (citations omitted). Here, the Court has already reopened the evidence to permit Lewis to present supplemental testimony and evidentiary exhibits. The Court will not consider any exhibits attached to post-hearing briefing, because such exhibits were not admitted into evidence during the evidentiary hearings.

Accordingly, the government's motion to strike (DE 261) is GRANTED. When ruling on Lewis's consolidated motion to dismiss the indictment and other evidentiary issues, the Court will consider only those items properly admitted into evidence during the evidentiary hearings. The exhibits to Lewis's supplemental post-hearing reply brief (DE 260-1) will be STRICKEN from the record. Given that these exhibits contain information regarding confidential informants, and the documents were improperly filed in the public record in violation of the protective order, the Clerk is DIRECTED to ensure that the exhibits are removed from public access.

SO ORDERED.

Entered this 11th day of April 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge