UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-10-TLS |
| | ) | |
| DEWAYNE LEWIS | ) | |

**OPINION AND ORDER**

This matter is before the Court on the pro se Defendant's Motion to Suppress [ECF No. 315], filed on November 1, 2017, the Government's Response [ECF No. 317], filed on November 13, 2017, and the Defendant's Reply [ECF No. 324], filed on December 12, 2017.[1] In this Motion to Suppress, the Defendant argues that the Government admitted to new information regarding how law enforcement originally obtained his cellular telephone number.

For the reasons below, the Court denies the Defendant's Motion.

**BACKGROUND**

Defendant Dewayne Lewis is charged with knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. § 841(a)(1). In April and May of 2015, the Defendant filed various motions seeking to dismiss the Indictment and suppress evidence, which this Court consolidated and referred to Magistrate Judge Susan Collins to conduct an evidentiary hearing and issue a report and recommendation. In February of 2016, Judge Collins held the evidentiary hearing. Thereafter, Judge Collins issued her Report and Recommendation [ECF No. 265] on the consolidated Motion, and the Government Objected [ECF No. 267]. On July 10, 2017, this Court issued its Opinion and Order [ECF No. 272] denying the Defendant's consolidated Motion. The Defendant filed a Motion for Reconsideration [ECF No. 275] on July 18, 2017, which the Court denied [ECF No. 291] on August 28, 2017. On September 1, 2017, the Defendant filed a Motion for Hearing to Compel Evidence [ECF No.

---

[1] The Court is also in receipt of the Defendant's Motion for a Ruling [ECF No. 339] on the instant Motion, filed on January 9, 2018.

292]. On September 14, 2017, Judge Collins held a hearing [ECF No. 299] and denied the Motion to Compel, finding that the Government had complied with its discovery obligations. On September 19, 2017, the Defendant filed a request for his hearing transcript [ECF No. 300], and on September 21, 2017, Judge Collins denied the request [ECF No. 301].

## ANALYSIS

In the instant Motion, the Defendant argues that during the discovery hearing held in front of Judge Collins on September 14, 2017, the Government "disclosed [] 'new information [and] facts' to the Defendant and Court that the Government did not have any recordings or text messages connecting the Defendant's cellular telephone #317-507-8010 to the [confidential] informant." (Def.'s Mot. to Suppress 2, ECF No. 315.) The Defendant contends that this means that the Government "misled and fabricated the information and facts during the evidentiary hearing held on February 10, 201[6], and in its brief (ECF No. 186) on how law enforcement obtained the Defendant's cellular telephone number 317-507-8010, which the Government ha[d] presented that they had evidence of recordings and text messages . . . ." (*Id.* at 3). Accordingly, the Defendant now requests that all evidence seized as a result of this be suppressed. In his Reply, the Defendant requests an evidentiary hearing on this point.

During the February 10, 2016, Suppression Hearing, Special Agent James Keszei testified as to how the confidential informant received a telephone number from Allen Bates purporting to belong to "Nap" and "Wayne." The informant then provided the relevant telephone number to agents. In its July 10, 2017, Opinion and Order, the Court held that "[t]he parties do not dispute the Magistrate Judge's findings of fact, and the Court adopts them in their entirety." (July 10, 2017, Order 3, ECF No. 272.) The Court held that "the officers had strong evidence that a man nicknamed Nap or Wayne was part of the Bates drug conspiracy." (*Id.* at 19.)

In his Motion for Reconsideration of the Court's July 10, 2017, Opinion and Order, the Defendant posited a similar argument to the one he now makes. In his Motion for Reconsideration, the Defendant argued "that the Government failed to introduce any records and

or text messages at any evidentiary hearings in this case connecting the Defendant's cellular number 317-507-8010 to the CHS informant by anyone on 1-29-2015 to corroborate the testimony of law enforcement." (Mot. for Recons. 6, ECF No. 275.) The Court denied the Defendant's Motion [ECF No. 291]. Subsequently, the Defendant filed a Motion for Hearing to Compel Evidence, again contending that the Government did not turn over the requisite evidence "connecting the Defendant's telephone number 317-507-8010 to the CHS in this case . . . ." (Def.'s Mot. for Hr'g to Compel Evid., Exhibit 1, ECF No. 292-1.) Judge Collins held a hearing on this point on September 14, 2017, and found that the Government had complied with its discovery obligations and denied the Motion [ECF No. 299].

As a means of arguing the merits of the same issue concerning his telephone number, the Defendant argues in the instant Motion that the Government "disclosed [] 'new information [and] facts' to the Defendant and Court that the Government did not have any recordings or text messages connecting the Defendant's cellular telephone #317-507-8010 to the [confidential] informant" during the September 14, 2017, hearing in front of Judge Collins. However, the Court finds that Judge Collins has already ruled on the merits of this argument in her Order regarding the Defendant's request for a transcript from the hearing, holding:

> Although Lewis claims that "new information of facts [were] disclosed by the government during the hearing" [ECF No. 300 at 1], that is not the case, as the Government simply reviewed all of Lewis's request and reported how it had already responded to such requests, or the Government reiterated that it did not have the information Lewis requested.

[ECF No. 301].

Accordingly, because a ruling has already been issued regarding whether the Government disclosed new information that would require reconsidering the manner in which the Defendant's telephone number connected him to the conspiracy, the Court declines to revisit the issue through another hearing and denies the Defendant's Motion to Suppress.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress [ECF No. 315]. Accordingly, the Court DENIES, AS MOOT, the Defendant's Motion for a Ruling [ECF No. 339].

SO ORDERED on *January 11, 2018.*

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT