UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:15-cr-00010-TLS-SLC |
| ) | |
| DEWAYNE LEWIS ) | |

### REPORT AND RECOMMENDATION

Before the Court is a restated motion to suppress and request for evidentiary hearing (DE 362), together with a memorandum in support (DE 363), filed by Defendant Dewayne Lewis, seeking to suppress all evidence seized during the search of Room 211 in the Red Roof Inn in Greenwood, Indiana, on February 3, 2015.[1] Lewis alleges that the law enforcement officers knowingly made false material declarations in this case and that such actions rise to the level of "outrageous government conduct" that violates his Fifth and Fourteenth Amendment rights to due process of law. The government filed a response to the restated motion on May 4, 2018. (DE 366).

The restated motion to suppress and request for evidentiary hearing has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b). (DE 331). After considering the evidence and argument, I RECOMMEND that Lewis's restated motion to suppress and request for evidentiary hearing be DENIED.

---

[1] Lewis initially filed this motion to suppress when he was proceeding *pro se* with standby counsel (DE 314); however, Lewis is no longer proceeding *pro se* (DE 330), and counsel filed the restated motion on April 20, 2018. Therefore, Lewis's previous *pro se* iteration of his motion to suppress (DE 314) is MOOT.

## I.  BACKGROUND

On February 25, 2015, Lewis was charged by way of a single-count Indictment with possessing five kilograms or more of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1).  (DE 13).  On February 26, 2015, Lewis entered a plea of not guilty to the single-count Indictment.  (DE 17).

In April and May 2015, Lewis filed various motions seeking to dismiss the Indictment and suppress evidence (DE 29-DE 31; DE 33-DE 34), which the Court consolidated together into Lewis's second amended motion to dismiss (DE 33).  (*See* DE 56).  Thereafter, Chief Judge Theresa Springmann referred the consolidated motion to me to conduct an evidentiary hearing and to issue a report and recommendation.  (DE 57).  An evidentiary hearing and a supplemental evidentiary hearing were held, and the parties filed various post-hearing briefs.  (DE 110-DE 111; DE 136-DE 137; DE 169; DE 186; DE 189; DE 252-DE 253; DE 258-DE 260).  On May 24, 2017, I issued a Report and Recommendation recommending that Lewis's consolidated motion be granted.  (DE 265).  The parties then filed objections to the Report and Recommendation.  (DE 266-DE 268, DE 270-DE 271).

On July 10, 2017, the Court accepted in part and rejected in part the Report and Recommendation, adopting the findings of fact in their entirety but rejecting the recommended disposition of the consolidated motion and denying Lewis's consolidated motion.  (DE 272).  On July 18, 2017, Lewis filed a motion to reconsider the Court's Order denying suppression, which the Court also denied.  (DE 290-DE 291).  Lewis then filed an interlocutory appeal of the Court's Order denying suppression, but the Seventh Circuit Court of Appeals dismissed the appeal as premature.  (DE 293; DE 336).

On November 1, 2017, Lewis filed another motion to suppress evidence, contending that the government admitted to new information during a hearing on September 14, 2017, regarding how law enforcement officers obtained his cellular telephone number. (DE 315). Lewis argued that this meant the government misled and fabricated the information and facts during an earlier evidentiary hearing held on February 9 and 10, 2016, as to how law enforcement obtained his cellular telephone number. (DE 315 at 3). On January 11, 2018, the Court denied Lewis's motion to suppress and subsequent request for an evidentiary hearing, explaining that the Court had already ruled on whether the government disclosed new information and that the Court declined to revisit the issue. (DE 340).

Lewis, through counsel, filed the instant restated motion to suppress and request for evidentiary hearing on April 20, 2018. (DE 362). The government filed a response brief on May 4, 2018 (DE 366), and the motion is now ripe for ruling.

## II.  DISCUSSION

In the restated motion to suppress, Lewis argues that the law enforcement officers in this case have made sworn statements to this Court that are so incongruous with those officers' other statements and official reports such as "to create a colorable claim of perjury." (DE 363 at 16). Specifically, Lewis contends that the officers' testimony at the evidentiary hearings on February 9 and 10, 2016, and January 27, 2017, is irreconcilably inconsistent with their earlier statements in the original incident reports and warrant application. (DE 363 at 18). Lewis speculates that such alleged false statements were made in an effort to conceal the use of controversial technology or questionable inter-agency information sharing by the government, which is "truly conscience-shocking," and as such, constitutes outrageous government conduct. (DE 363 at 20).

3

The government responds that Lewis is simply requesting yet another reconsideration of the Court's prior ruling denying his motion to suppress the evidence seized during the search of his hotel room in Greenwood, Indiana, on February 3, 2015. In essence, Lewis wants another hearing to reopen cross-examination of the government's witnesses in order to impeach them with their alleged prior inconsistent statements. The government urges that Lewis's "recycled motion" and request for evidentiary hearing should be denied. (DE 366 at 1).

A. *Lewis's Request for Evidentiary Hearing*

In his supporting memorandum, Lewis states that "[a]ll facts related in this summary are either a matter of public record, a matter of record in this Court in the above-captioned cause or included in materials developed by the government and provided to Defendant in discovery." (DE 363 at 1). Lewis then requests an evidentiary hearing "to either get these documents admitted into evidence or to elicit testimony to the same effect." (DE 363 at 2 n.1; *see also* DE 363 at 19).

But as the government emphasizes, Lewis admits that he obtained through discovery in 2015 all of the incident reports and the warrant application that he now points to in the restated motion. Therefore, at both the original suppression hearing on February 9 and 10, 2016 (DE 110; DE 111; DE 136; DE 137), and a supplementary suppression hearing on January 27, 2017 (DE 252; DE 258), Lewis had every opportunity to cross-examine the law enforcement officers to flesh out any alleged inconsistent, false, or misleading statements and to call any necessary witnesses to challenge the credibility of the officers; Lewis, however, opted not to do so. Ultimately, the Court found the officers' testimony to be credible. (DE 265). In fact, Lewis never even disputed the findings of fact articulated in the Report and Recommendation that

4

followed those hearings (DE 265), and the Court adopted those findings of fact in their entirety in its Order denying suppression (DE 272 at 3).

Lewis then filed a motion to reconsider the Court's Order denying suppression, in which he alleged "bad faith actions" by the law enforcement officers and other similar credibility allegations. (DE 275). The Court ultimately denied Lewis's motion to reconsider and affirmed its decision denying suppression. (DE 291). In doing so, the Court stated:

> [N]umerous motions and briefs have been filed, and evidentiary hearings held. *The record on this matter is complete*, and the Court has given the Defendant's claims full consideration."
>
> . . . .
>
> The Defendant's Motion is, basically, an argument that the Court's decision was wrong, either in its application of the law, *its credibility assessment of the witnesses*, or its analysis of the evidence. The Court, having fully considered the record in this case, does not find there to be any basis to reopen the matter or change its decision.

(DE 291 at 1 (emphasis added)).

In sum, Lewis has already had an opportunity to cross-examine the law enforcement officers at the first suppression hearing about their statements in the original incident reports or warrant application, and he then had a second opportunity to present witnesses and evidence about the officers' credibility in the supplementary hearing. Lewis has had the incident reports and warrant application that he now purports discredits these officers since as far back as 2015. Lewis opted not to dispute the findings of fact in the Report and Recommendation after those hearings—the same facts that Lewis now questions—and the Court adopted those findings of facts in their entirety. Lewis then raised similar credibility arguments in a motion to reconsider, which the Court also denied. Now, in the restated motion, Lewis does not offer any explanation

5

as to why he failed to ask pertinent questions of the officers at the prior evidentiary hearings. Consequently, Lewis's request to hold yet another evidentiary hearing on the same evidence is wholly unpersuasive. Thus, I recommend that Lewis's request for another evidentiary hearing be denied.

### B. Outrageous Government Conduct

In the restated motion to suppress, Lewis contends that the law enforcement officers in this case made false and misleading statements under oath "as to create a colorable claim of perjury." (DE 363 at 16). Specifically, Lewis argues that the original incident reports and warrant application indicate that the officers already knew he was in Room 211 of the Red Roof Inn—knowledge that Lewis speculates was gained through "parallel construction" or use of a "stingray"[2]—and that the arrival of Lewis's wife in a white Cadillac Escalade simply "verified" this information. (DE 363 at 5-6, 17; *see* DE 133 at 9-12, 18-19, 31-39; DE 161 at 61-70). Lewis contends that at the later evidentiary hearings, however, the officers testified that they were searching multiple hotels in the Greenwood area and that the arrival of the white Escalade is what first identified that Lewis was in Room 211 of the Red Roof Inn. (DE 363 at 5-6; *see* DE 136 at 19-24, 69-72, 84, 95). Lewis argues that this purported discrepancy in the officers' testimony constitutes outrageous government conduct warranting suppression of the evidence.

In *United States v. Smith*, 792 F.3d 760, 764 (7th Cir. 2015), the Seventh Circuit Court of Appeals explained that their "early cases expressed skepticism about the validity of the

---

[2] "Parallel construction" is a technique where "government agents are trained to recreate investigate trails in order to cover up where information originated." *United States v. Vawter*, No. 6:13-cr-03123-MDH, 2014 WL 5438382, at *6 (W.D. Mo. Oct. 24, 2014); *see also United States v. Case*, No. 13-CR-120, 2014 WL 1052946, at *2 (E.D. Wis. Mar. 17, 2014). A "Stingray" is a type of cell-site simulator that "pretends to be a cell-phone access point and, by emitting an especially strong signal, induces nearby cell phones to connect and reveal their direction relative to the device." *United States v. Patrick*, 842 F.3d 540, 542 (7th Cir. 2016).

6

'outrageous government conduct' defense." *Id*. (citing *United States v. Duncan*, 896 F.2d 275, 277 (7th Cir. 1990); *United States v. Belzer*, 743 F.2d 1213, 1216-20 (7th Cir. 1984)). The Court further observed that in *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995), it articulated that "the [outrageous government conduct] defense 'does not exist in this circuit.'" *Smith*, 792 F.3d at 764 (quoting *Boyd*, 55 F.3d at 241). The Court explained that since *Boyd*, it has "repeatedly . . . reaffirmed [its] decision not to recognize the defense." *Id*. (collecting cases).

The Seventh Circuit acknowledged, however, "that the Supreme Court has not closed the door entirely on this matter . . . ." *Smith*, 792 F.3d at 764. The Supreme Court stated in *United States v. Russell*, 411 U.S. 423, 430 (1973), that "[w]hile we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction, the instant case is distinctly not of that breed." *See also Smith*, 792 F.3d at 764 (citation omitted). The Supreme Court elaborated that the government's conduct stopped "far short of violating that fundamental fairness, shocking to the universal sense of justice, mandated by the Due Process Clause." *Russell*, 411 U.S. at 432 (citation and internal quotation marks omitted); *see Smith*, 792 F.3d at 764; *United States v. Tolentino*, 486 F. App'x 286, 288 (3d Cir. 2012) ("The pertinent question is whether the government's conduct was so outrageous or shocking that it amounted to a due process violation." (citation omitted)).

Lewis acknowledges the Seventh Circuit's position on the outrageous government conduct defense, and that this Court recently rejected the argument of outrageous government conduct when considering a motion to suppress in *United States v. Norman*, No. 1:14-CR-4-TLS, 2014 WL 4944398 (N.D. Ind. Nov. 1, 2017). Nevertheless, in an attempt to convince the Court

7

of what Norman could not, Lewis seizes on a statement in the Report and Recommendation in *Norman* that Norman's briefs were "essentially devoid of applicable case authority to support his argument for suppression." *Norman*, No. 1:14-cr-4, R. & R. 14, DE 90. As such, Lewis spends a significant portion of his brief citing case law, much of which is not particularly relevant here. Ultimately, Lewis fares no better than Norman did, as while the cases Lewis cites discuss the *possibility* of an outrageous government conduct defense in a criminal case, Lewis has not produced any case authority in which evidence was actually suppressed as a result of outrageous government conduct that violated due process.

  Furthermore, although Lewis boldly argues that the law enforcement officers' testimony constitutes "colorable perjury," Lewis at the same time concedes that "[w]ith respect to the ultimate source of [the officers'] knowledge of Defendant's location, the incident reports and the warrant application do not provide specifics." (DE 363 at 17). Lewis suggests, however, that the "the language and sentence construction" used in the incident reports and warrant application support his theory that the officers used parallel construction or a stingray to determine his location. (DE 363 at 17). But as Lewis acknowledges, "[t]he most common context in which 'outrageous government conduct' claims are raised are situations in which either government agents are directly involved in organizing or otherwise encouraging the criminal conduct for which the defendant is being prosecuted" or "government agents are using confidential informants in a manner the defendant claims is objectionable." (DE 363 at 9-10). Here, Lewis's attempt to highlight inconsistencies in the "the language and sentence construction" used by the law enforcement officers in their initial incident reports and warrant application (DE 363 at 17) versus their later testimony at evidentiary hearings falls woefully short of constituting

8

outrageous government conduct.

Moreover, "[a] trial court need only grant an evidentiary hearing on the issue of outrageous government conduct when the defendant has presented specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions." *United States v. Swiatek*, 819 F.2d 721, 725 (7th Cir. 1987) (citations omitted); *see also United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007) ("Mr. McGaughy did not make any serious effort to articulate what facts had to be adduced at an evidentiary hearing to inform the court's analysis; furthermore, Mr. McGaughy did not articulate in what manner the district court's ultimate determination of probable cause would have been different if his version of the facts were accepted." (citation omitted)).  Here, Lewis has failed to point to specific and material facts sufficient to justify yet another hearing to reconsider the officers' credibility—findings of fact which Lewis did not even bother to challenge in response to the Report and Recommendation.

In sum, to constitute outrageous government conduct, "the challenged conduct must be shocking, outrageous, and clearly intolerable, thus violat[ing] our sense of fundamental fairness or shock[ing] the universal sense of justice." *Tolentino*, 486 F. App'x at 288 (alterations in original) (citations and internal quotation marks omitted).  The purported discrepancy in the law enforcement officers' testimony that Lewis points to in his restated motion does not rise to this standard; nor has Lewis produced specific and material facts sufficient to justify yet another evidentiary hearing on suppression.  Consequently, I recommend that Lewis's restated motion to suppress—which is more aptly described as another motion to reconsider—be DENIED.

### III.  CONCLUSION

For the above reasons, I RECOMMEND that Lewis's restated motion to suppress and

request for evidentiary hearing (DE 362) be DENIED and that his previous iteration of his motion to suppress filed *pro se* (DE 314) be shown as MOOT.  The Clerk is directed to send a copy of this Report and Recommendation to counsel for each party.  NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections to the proposed findings or recommendations.  Fed. R. Crim. P. 59(b)(2).  FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.  Fed. R. Crim. P. 59(b)(2).

      SO ORDERED.

      Entered this 4th day of June 2018.

                                                    /s/ Susan Collins
                                                    Susan Collins
                                                    United States Magistrate Judge