# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CASE NO.: 1:15-CR-10-TLS |
| | ) | |
| DEWAYNE LEWIS | ) | |

## OPINION AND ORDER

Defendant Dewayne Lewis, who is charged with knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. § 841(a)(1), desires that the Court suppress the evidence obtained from a hotel room, including the drugs that he is charged with possessing. His latest attempt at suppression takes the form of a "Restated Motion to Suppress Evidence (Document #314) and Motion for Evidentiary Hearing" [ECF No. 362]. This Court referred the Motion to the Magistrate Judge to issue a report and recommendation.

On June 4, 2018, the Magistrate Judge issued a Report and Recommendation [ECF No. 367], recommending that the Motion be denied. The background, including the Defendant's previous attempts to suppress the same evidence, and the facts pertinent to the Motion are set forth within that Report, and they are not meaningfully challenged. In essence, the Defendant contends that an evidentiary hearing is necessary to show that law enforcement officials lied to this Court to hide the actual methods that they might have employed to pinpoint his location before obtaining a search warrant. He maintains that the behavior of the government in connection with his previous motion to suppress rises to the level of outrageous government conduct that deprived the Defendant of his constitutional right to due process.

Under 28 U.S.C. § 636(b)(1)(A)–(B), a magistrate judge submits proposed findings of

fact and recommendations to the district court. If a party files a timely objection to the magistrate judge's report and recommendation, § 636(b)(1) provides that

> the district judge is to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The court may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge also may receive further evidence or recommit the matter to the magistrate judge with instructions.

*See also* Fed. R. Civ. P. 72(b)(3). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**ANALYSIS**

The Defendant has filed Objections to Report and Recommendation [ECF No. 368]. As stated above, the Defendant has not challenged the Report's recitation of the procedural background, and the Court ADOPTS it in full. Moreover, the analysis section of the Report accurately states the arguments that the Defendant is advancing. He maintains that law enforcement officers committed perjury, and speculates that the lies were intended to conceal the use of controversial technology or questionable inter-agency information sharing by the government. His claim is predicated on a comparison of the language and sentence construction used in the warrant application and incident reports, and the testimony of law enforcement officers during previous evidentiary hearings.

Evidentiary hearings to resolve motions to suppress are not automatically required. *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007). Rather, a court need conduct a hearing only "'when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that

there are disputed issues of material fact which will affect the outcome of the motion.'" *Id.* (quoting *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)). The Seventh Circuit has "emphasized the necessity of materiality in any factual disputes that are presented to the district court as a predicate for an evidentiary hearing." *Id.* The burden is on the defendant who is seeking an evidentiary hearing to specifically allege a definite, material, factual issue that is in dispute. *Id.*

According to the Defendant, another evidentiary hearing is necessary to elicit additional testimony to prove his theory, but he objects to the Magistrate Judge's conclusion that he first be required to identify the specific and material facts that would justify another hearing. The Defendant contends that he cannot reveal his specific claims, because doing so would permit the Government to further tamper with evidence and witnesses in an attempt to "avoid scrutiny of the claims made." (Objections 5.)

The Defendant also objects to the Magistrate Judge's statement that he had every opportunity to cross-examine the law enforcement officers about any alleged inconsistencies or false or misleading statements, and to call his own witnesses to challenge their credibility. He maintains that the voluminous discovery, the limitations of incarceration during preparation, and the lack of formal legal education all hampered him. (The Defendant was previously representing himself with the assistance of stand-by counsel; his current counsel entered an appearance on January 24, 2018 [ECF No. 250].)

The Court concludes that the Defendant's knowing and informed decision to represent himself, with the assistance of stand-by counsel, does not entitle him to a do-over, particularly in the circumstances of this case. Although the Defendant objects to characterizing his request as an

3

attempt to get a second bite of the apple, the Court finds his arguments on this point, as well as his resistance to identifying specific and material facts that would justify another hearing, to be unpersuasive.

The Defendant's argument in favor of an evidentiary hearing has two aspects. The first is his claim that law enforcement used an illegal method to track his specific location. The second is that they lied under oath to hide the use of the illegal means and deceive this Court. With regard to both, the record is already developed. The Court will not revisit its conclusion that no illegal means were employed to locate the Defendant simply because the in-court explanations about the investigation were more detailed than the warrant application and incident reports that were drafted during the investigation. The testimony appropriately filled in the gaps that were necessary to understand the entire investigation, but had not been necessary to recite in the warrant application or incident reports. Contrary to the Defendant's claim, the witnesses for the Government did not make "sworn statements to this Court that are so incongruous with other statements and official reports made by those same witnesses as to create a colorable claim of perjury." (Mem. in Support 16, ECF No. 363.)

With no new probative evidence to present, the Defendant's submissions are a continuing challenge to the Court's previous decision, particularly to its credibility assessment of the witnesses, couched as a violation of due process rights through "outrageous government conduct." The Supreme Court introduced the concept of outrageous government conduct, as distinct from the defense of entrapment, in *United States v. Russell*, 411 U.S. 423 (1973). In that case, the Court found neither entrapment nor outrageous governmental conduct, but it left open the possibility that "we may some day be presented with a situation in which the conduct of law

4

enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Id.* at 431–32. The Seventh Circuit has rejected the defense outright, stating that it "does not exist in this circuit." *United States v. Smith*, 792 F.3d 760, 765 (7th Cir. 2015) (quoting *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995)). The Defendant's attempt to use the doctrine, even if it were recognized, is not a fit for this case. He has not attempted to use the doctrine as a defense, but invokes it as grounds to exclude evidence. However, lying would not be grounds for suppression unless what the witnesses were lying about was conduct that would be considered a violation of the Defendant's Fourth Amendment rights. Here, the Court has already concluded that law enforcement did not violate the Fourth Amendment during their search for the man that was assisting one of the leaders of a large scale drug conspiracy, and who had fled to Mexico to avoid arrest. That man turned out to be the Defendant. The pertinent facts are set forth in the Court's Opinion and Order [ECF No. 272] of July 10, 2017. The Defendant is "proposing in his motion that the Court is just as much the victim of the misconduct of the government agents as is Lewis since their inconsistent testimony was intentionally calculated and designed to mislead the Court into accepting 'facts' as true when those 'facts' were in fact invented *post hac* as a litigation strategy." (Objections 4.) The Defendant's conjecture does not entitle him to another evidentiary hearing. The Court ADOPTS the remainder of the Report and Recommendation in full.

The Court reiterates, once more, that the Defendant has preserved the record regarding his concerns with law enforcement's investigation and the Court's decision is one that can be challenged on appeal at the appropriate time. The arguments regarding suppression have been

exhausted at this level, and the remaining matters are for a jury to decide.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the Report and Recommendation [ECCF No. 367] in its entirety, and DENIES the Restated Motion to Suppress and Request for Evidentiary Hearing [ECF No. 362]. The previous Motion [ECF No. 314] is RENDERED MOOT. A jury trial and in-person final pretrial conference will be set by separate entry.

SO ORDERED on July 16, 2018.

        s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT