# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CAUSE NO.: 1:15-CR-10-TLS |
| DEWAYNE LEWIS | |

## OPINION AND ORDER

This matter is before the Court on Defendant Dewayne Lewis's February 19, 2019, Motion [ECF No. 406] asking that the Court reopen its ruling on his motion to suppress in light of new trial testimony. The Government filed a Response [ECF No. 422] on March 18, 2019, and the Defendant filed his Reply [ECF No. 429] on April 1, 2019.

Before trial, the Defendant filed, and the Court ruled on, numerous suppression issues. Once such issue concerned an application requesting that a wireless carrier provide records for a cellular telephone with associated number 317-507-8010, and install a trap and trace device (trap and trace warrant). The Defendant maintains that evidence submitted during the bench trial requires that the Court reopen and reconsider its rulings found in the orders docketed as ECF Nos. 200, 272, 291, and 370. The referenced orders relate to the Defendant's previous attempts to exclude evidence, including evidence beyond the one issue he raises here.

## ANALYSIS

The Defendant is charged with knowingly and intentionally possessing with intent to distribute five kilograms or more of cocaine, a violation of 21 U.S.C. § 841(a)(1). He was charged with the offense after law enforcement officers executed a search warrant on a hotel room where the Defendant was staying. Inside the hotel room they discovered nearly 20

kilograms of cocaine, about $2.1 million in cash, and drug packaging materials. Throughout the pretrial phase of this case, the Defendant lodged numerous challenges to the methods that officers used to locate him and to obtain a search warrant. For purposes of the instant motion, the challenge is confined to whether the Confidential Human Source (CHS) provided an investigating officer with a positive (although erroneous) identification of the person shown to him in a photograph prior to the officer obtaining a warrant related to the Defendant's cellular telephone.

In 2014, federal law enforcement agents were investigating a drug conspiracy involving substantial quantities of heroin, cocaine, and marijuana being obtained from Mexico and distributed in Indiana and Ohio. They had identified Allan Bates as the primary leader of the drug distribution organization. A CHS who had a close personal relationship with Bates had been providing information to law enforcement for several months. After Bates evaded arrest and fled to Mexico, Bates continued to communicate with the CHS. In one such communication, Bates was describing plans for the CHS to join him in Mexico. He told the CHS to meet up with Nap or Wayne in Indianapolis, who would assist the CHS. Bates told the CHS that he could contact this person at 317-507-8010. The CHS relayed this information to agents, who then submitted an application for a court order to obtain records and technical assistance for the cellular telephone with an associated number of 317-507-8010. The number belonged to a person named Dewayne Lewis.

The application for the order included personal information related to a different Dewayne Lewis, who had an active warrant for a probation violation. The application stated that the requested records and information would assist officers in locating and arresting Dewayne Lewis who was using a cellular number with an associated number of 317-507-8010 and was

involved in a drug trafficking organization that was currently under investigation. The erroneous information about the person's date of birth and outstanding arrest warrant was not pertinent to whether the person using the cellular number with an associated number of 317-507-8010 was involved in the Bates drug trafficking organization that the agents were investigating. This Court has previously held that the state court judge had sufficient information to issue the trap and trace warrant without the additional information that the owner of the telephone with that number was represented as having an active warrant for his arrest.

The Court does not understand the Defendant to now be reiterating this point—that investigators provided an incorrect outstanding warrant status, as to this Dewayne Lewis, in the application. Rather, the Defendant's focus is on Special Agent James Keszei's and the CHS's trial testimony, particularly their assertion that the CHS incorrectly identified a photograph of the person named Dewayne Lewis who was not involved with Bates's drug trafficking as the Defendant. Using the time stamps on text messages exchanged between the investigators and the CHS, the Defendant asserts that the CHS was never even shown a photograph for purposes of identification.[1] He submits that the agent and the CHS lied about the photograph and the mistaken identification during trial. The Defendant argues that the identification was "fabricated to make an arrest and seize evidence to prosecute the [D]efendant." (Def.'s Reply 13, ECF No. 429.) Putting aside any question on the merits of his argument about the photograph, there is no cogent connection between a purported fabrication of a false identification and the issuance of the subsequent warrants that led to the Defendant's arrest. No statements about the CHS's identification were even included in the warrant applications. Even if the Defendant's assertion

---

[1] In previous submissions, the Defendant argued that the affidavit for the trap and trace warrant did not establish probable cause because it was based on an informant's tip that identified the wrong Dewayne Lewis. The Court has rejected this argument. [ECF Nos. 200, 272, and 370].

about the credibility of the agent and the CHS were accurate (and the Court is not saying that it is), it would not impact any of the issues the Court reviewed for purposes of determining whether the Defendant's Fourth Amendment right were violated and, if so, whether the exclusionary rule should apply.

Additionally, Rule 12 of the Federal Rules of Criminal Procedure requires that a motion to suppress evidence must be made before trial. Fed. R. Crim. P. 12(b)(3). The principal functions of this rule on timing are to avoid disruption of trial and to ensure that prosecutors can appeal adverse rulings that exclude pivotal evidence. *See, e.g.*, *United States v. Charles*, 801 F.3d 855, 861 (7th Cir. 2015 (noting that when evidence is excluded by an evidentiary ruling made during trial the government's only recourse is a petition for writ of mandamus). When evidence is not excluded before trial, it can only be excluded through an objection within the Federal Rules of Evidence. *See United States v. Acox*, 595 F.3d 729, 733 (7th Cir. 2010) (noting that "[n]othing in the Rules of Evidence allows a court to reject relevant, inculpatory evidence seized from the defendant's home, heard during a wiretap, based on his confession, or derived from a lineup").[2] Here, the Defendant has identified what he considers to be a question of witness credibility, which is appropriate for a finder of fact to consider. Because this case was tried as a bench trial, those questions will be addressed where necessary, either explicitly or implicitly, as part of the Court findings of facts related to the verdict.

---

[2] Although there is an exception for good cause, *see* Fed. R. Evid. 12(c)(3), it has not been shown in this case. The Defendant argues that the communications that reveal the time discrepancy with respect to the photograph identification were only revealed at trial, and that he had no means to obtain the information previously. The Court does not agree. The photograph identification was the subject of two previous evidentiary hearings. The Defendant also attempts to frame his motion as timely by having it construed as a motion to reconsider his earlier pretrial motions. This construction does not change the nature of the request as one that seeks the exclusion of evidence for reasons that are not covered by the Federal Rules of Evidence. This makes it a motion to suppress. *See Acox*, 595 F.3d at 733 (defining "motions to suppress"). There is no relation-back doctrine for such motions.

Ultimately, whether the CHS provided one of the investigating agents with the erroneous identification prior to the officer obtaining the warrant related to the Defendant's cellular telephone number is of no constitutional significance. Society has a strong interest in the admission of all relevant evidence. *See United States v. Regilio*, 669 F.2d 1169, 1177 (7th Cir. 1981). That evidence has already been presented, and the Defendant's Motion provides no basis for this Court to reconsider its previous rulings regarding the admissibility of the evidence in this case.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion [ECF No. 406].

SO ORDERED on April 22, 2019

      s/ Theresa L. Springmann
      CHIEF JUDGE THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT