UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:15-CR-10-TLS |
| DEWAYNE LEWIS | |

**OPINION AND ORDER**

This matter is before the Court on the Government's Objection to the Final Presentence Investigation Report ("Final PSR"), with the objection submitted to the Court as an attachment to the Second Addendum to the Final PSR [ECF No. 490-1], and the Defendant's Objections to Revised Presentence Report and Response to Government's Objections [ECF No. 493]. For the reasons stated below, the parties' objections are overruled.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court extensively detailed the Factual and Procedural Background of this case in its March 11, 2020 Opinion and Order [ECF No. 480]. As such, the Court incorporates the Factual and Procedural Background of its March 11, 2020 Opinion and Order into this Opinion and Order.

In its March 11, 2020 Opinion and Order, the Court ruled on the parties' first series of objections to the PSR and concluded that the Defendant's total offense level for the convicted offense is 42 with a Category III criminal history. Mar. 11, 2020 Op. & Order 40, ECF No. 480. On the same day, the Court ordered the parties to file any remaining objections to the Final PSR by April 24, 2020. *See* ECF No. 481.

On March 23, 2020, a Final Presentence Investigation Report ("Final PSR") [ECF No. 485] and an Addendum to the Final PSR [ECF No. 486] were filed. The Government's Objection

to the Final PSR [ECF No. 490-1] was filed on April 15, 2020, as an attachment to the Second Addendum to the Final PSR [ECF No. 490]. The Defendant, on May 1, 2020, filed his Objections to Revised Presentence Report and Response to Government's Objections [ECF No. 493].[1] Having reviewed these documents, the Court is prepared to rule on the parties' objections.

## ANALYSIS

The Court has received supplemental objections from both the Government and the Defendant. The Court will first address the Government's objection.

**A.    The Government's Objection**

The Court, in its March 11, 2020 Opinion and Order, concluded that a violence enhancement pursuant to Sentencing Guideline § 2D1.1(b)(2) was inappropriate because "the information in the PSR [concerning the use of violence] does not reach the reliability threshold required by law." Mar. 11, 2020 Op. & Order 23. The Government, based on this conclusion, "objects to the failure to include the violence enhancement and will request a hearing in accordance with the Court's Opinion and Order." Gov't's Objs., ECF No. 490-1. At this time, the Court will not change its prior ruling, as the Court has received no additional evidence supporting the imposition of a § 2D1.1(b)(2) upward adjustment. Further, the Court notes that the Government has not yet filed a motion requesting a hearing on this issue; however, it is the Court's understanding that the Government's request for a hearing will be addressed at the Status Conference scheduled for June 12, 2020. Therefore, this objection is overruled; however, the Government is granted leave to re-raise this objection if appropriate at a later date.

---

[1] Although the Defendant filed his objections after the Court imposed deadline, the delay was caused by the COVID-19 pandemic and was excused.

### B.     The Defendant's Objections

The Defendant raises several supplemental objections; however, most are reiterations of his initial objections. The Court has consolidated the Defendant's objections by related paragraphs and will address each objection individually.

In paragraphs two and fifteen, the Defendant makes "catch-all" objections to "any and all enhancements and adjustments included in the [PSR] outside the scope and threshold of the defendant's indictment," Def.'s Objs. ¶ 2, ECF No. 493, and insists that his offense level should be 30 or 32 instead of 42, Def.'s Objs. ¶ 15. Although the sentencing guidelines are ultimately advisory, the Court must apply them prior to sentencing, U.S. Sentencing Guidelines Manual § 1B.1(a)(3) (U.S. Sentencing Comm'n 2018) ("The court *shall* determine the kinds of sentence and the guidelines range as set forth in the guidelines by applying the provisions of this manual."); therefore, the Court is required to determine which enhancements and adjustments apply. *See id.* The Court has already considered similar objections made by the Defendant, concluded which enhancements and adjustments are appropriate, and determined that, based on the evidence available to the Court, an offense level of 42 is proper. Accordingly, these objections are overruled.

In paragraphs four, five, and six, the Defendant objects to the Court's consideration of relevant conduct and the calculation of the converted drug weight the Court set forth in its March 11, 2020 Opinion and Order, including the currency considered by the Court. *See* Def.'s Objs. ¶¶ 4–6. The Defendant makes a similar objection in paragraph ten, where he argues that the Court cannot consider relevant conduct because he was not convicted of a conspiracy. *See id.* at ¶ 10. The Defendant has already raised these objections, and the Court has already explained that they are contrary to the well-established law of this Circuit. *See, e.g., United States v. Lomax*, 743 F.

App'x 678, 683 (7th Cir. 2018) ("Relevant conduct includes 'all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, whether or not charged as a conspiracy.'" (quoting *United States v. Acosta*, 534 F.3d 574, 582–83 (7th Cir. 2008))); *United States v. Baines*, 777 F.3d 959, 963 (7th Cir. 2015) ("This 'relevant conduct' rule permits sentencing court to consider additional quantities of drugs not specified in conviction, provided 'the unconvicted activities bore the necessary relation to the convicted offense." (quoting *United States v. Bacallao*, 149 F.3d 717, 719 (7th Cir. 1998))); *United States v. Taylor*, 272 F.3d 980, 982 (7th Cir. 2001) ("The goal in including relevant conduct in sentencing considerations is to allow the sentence to reflect the seriousness of an offense rather than being limited by the specific charge set out in the indictment."). As such, the objections are overruled.

In paragraph seven, the Defendant objects to the Court's finding that he was engaged in the trafficking of controlled substances during the time period between 2009 or 2010 and 2015. Specifically, the Defendant contends that he "started in the year 2012 with marijuana and earlier on in the year of 2013 with cocaine." Def.'s Objs. ¶ 7. This contention is contrary to the testimony introduced at trial and that the Court considered when conducting its converted drug weight calculation. Furthermore, even if this contention were true, it would not affect the Court's conclusion that the Defendant's conduct mandates a base offense level of 36.

When making the converted drug calculation, the Court first considered the known quantities of drugs and money trafficked by the Defendant, as detailed in the PSR, which equated to 20,274.2 kilograms of converted drug weight. Mar. 11, 2020 Op. & Order 16. However, this amount did not include an unknown quantity of drugs trafficked by the Defendant throughout his involvement in the Bates Drug Trafficking Organization ("the DTO"). The Court, based on the evidence introduced at trial, concluded that the Defendant trafficked approximately 30,000

kilograms of converted drug weight during this time period, for a total converted drug weight of 50,274.2 kilograms. *Id.* at 17; *see also United States v. Hollins*, 498 F.3d 622, 631 (7th Cir. 2007) ("[A]lthough evidence of drug quantity must be more than speculative, 'nebulous eyeballing,' the sentencing guidelines permit some amount of reasoned 'speculation and reasonable estimation' by a sentencing court." (quoting *United States v. Jarrett*, 133 F.3d 519, 530 (7th Cir. 1998)). Based on this, the Court determined that "a converted drug weight of at least 30,000 kilograms but less than 90,000 kilograms is supported by the evidence presented at trial and contained within the PSR, resulting in a base offense level of 36." Mar. 11, 2020 Op. & Order 17–18.

The Defendant's representation that he "started in the year 2012 with marijuana and earlier on in the year of 2013 with cocaine," Def.'s Objs. ¶ 7, would only affect the Court's conclusion if the Defendant trafficked less than an additional 9,725.8 kilograms of converted drug weight from 2012 until his arrest in 2015. If, for example, the Defendant trafficked only 9,720 additional kilograms of converted drug weight, his total converted drug weight would be less than 30,000 kilograms, which would result in a lower base offense level. *See* Guidelines Manual § 2D1.1(a)(5), (c) (U.S. Sentencing Comm'n 2018). However, the Court's prior finding—that the Defendant trafficked approximately 30 kilograms of cocaine per year—does not support such a conclusion. Mar. 11 Op. & Order 17. Based on that finding, the Defendant in 2013 and 2014, the years the Defendant admits to dealing cocaine in this set of objections, trafficked 60 kilograms of cocaine, which equates to 12,000 kilograms of converted drug weight. *See id.* § 2D1.1 application n.8. As such, the Court's conclusion that the Defendant trafficked at least 30,000 kilograms of converted drug weight is reasonable, and the Defendant's objection is overruled.

In paragraph eleven, the Defendant objects to the Court's conclusion that his conduct does not warrant a downward adjustment for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1. The Court has already considered this objection and has no reason to disturb its previous ruling. The objection is, again, overruled.

In paragraphs three, eight, nine, twelve, thirteen, and fourteen, the Defendant raises new arguments that were not made in his initial objections. In paragraphs three and twelve, the Defendant argues that he was unaware that certain sentencing enhancements could be considered, Def.'s Objs. ¶ 3, and represents that he would have pled guilty if he had been advised on the possible implementation of those sentencing enhancements, Def.'s Objs. ¶ 12. The Court takes this contention seriously; however, it must be presented as a separate motion to set aside the Court's April 24, 2019 Opinion and Order [ECF No. 438] and not as an objection to the PSR. For this reason, this contention cannot be considered at this time and the Defendant's objection is overruled.

In paragraphs eight, nine, and fourteen, the Defendant objects to the disparity between his potential sentence and the sentences others involved in the DTO received. *See* Def.'s Objs. ¶¶ 8, 9, 14. The Defendant's concern, although legitimate, is premature as the Court has not yet determined the length of the Defendant's sentence. Pursuant to 18 U.S.C. § 3553, the Court must consider, among other factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" when imposing a sentence. 18 U.S.C. § 3553(a)(6). Accordingly, the Court will consider the sentences of other members of the DTO later in the sentencing process, and the Defendant's objection is overruled.

The Defendant's final objection, contained in paragraph thirteen, is to the Government's request for a hearing to introduce evidence related to the imposition of a violence enhancement

pursuant to Sentencing Guideline § 2D1.1(b)(2). The Defendant's only argument supporting his objection is that "the evidence the government [wishes] to produce at a hearing is outside the scope and threshold of the defendant's indictment charge." Def.'s Objs. ¶ 13. As repeatedly explained by the Court in this proceeding, this argument is contrary to the law of this circuit which permits sentencing courts to consider conduct not charged in the indictment during sentencing. *Taylor*, 272 F.3d at 982 ("The goal in including relevant conduct in sentencing considerations is to allow the sentence to reflect the seriousness of an offense rather than being limited by the specific charge set out in the indictment."). Furthermore, the Defendant's objection is premature because, as previously explained, whether a hearing regarding the imposition of a § 2D1.1(b)(2) enhancement is appropriate will be addressed at the June 12, 2020 Status Conference. Thus, the Court overrules the objection.

## CONCLUSION

For the reasons stated above, the Court OVERRULES all pending objections [ECF Nos. 490-1, 493] to the Final PSR. The Court GRANTS the Government leave to re-raise its objection concerning the imposition of a violence enhancement pursuant to Sentencing Guideline § 2D1.1(b)(2) if appropriate later in the proceedings.

SO ORDERED on June 2, 2020.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT