**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:15-CR-10-TLS |
| DEWAYNE LEWIS | |

### OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Release Pending Sentencing and Outcome of Direct Appeal [ECF No. 473]. For the reasons set forth below, the Defendant's Motion is denied.

### ANALYSIS

The Defendant's Motion requests that he be released from detention. Whether a defendant who has been found guilty of an offense and is awaiting the imposition or execution of their sentence must be detained is governed by 18 U.S.C. § 3143(a). Likewise, whether a defendant who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for writ of certiorari must be detained is governed by 18 U.S.C. § 3143(b). Notwithstanding these requirements, 18 U.S.C. § 3145(c) permits a court to order a defendant released if there exists an exceptional reason that makes a defendant's imprisonment inappropriate. The Defendant's Motion sets forth the standards for release under 18 U.S.C. §§ 3143(a), 3143(b), and 3145, and argues that he should be released because he intends to file an appeal in this case.

**A.     Release Under 18 U.S.C. § 3143(a)**

Section 3143(a) requires that

[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of a sentence be detained unless—

(A)

(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Accordingly, defendants who have been convicted of an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46, generally must be detained. *See* 18 U.S.C. § 3142(f)(1)(C). The Defendant was convicted of possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a), thus he must be detained unless he shows that the above described exception applies.

## 1.   *The Defendant Does Not Meet the Criteria for Release Under 21 U.S.C § 3143(a)(2)(A)*

The Defendant's release is not warranted under 21 U.S.C § 3143(a)(2)(A). For a defendant to be eligible for release under § 3143(a), one of the conditions under § 3143(a)(2)(A) must be satisfied. The first condition requires the court to find that there is a substantial likelihood that a motion for acquittal or new trial will be granted. In this case, the Court cannot make such a finding. In its April 24, 2019 Opinion and Order, the Court explained that "[t]he evidence against the Defendant is overwhelming" and, based on this evidence, adjudged the Defendant guilty of possessing, with intent to distribute, more than 5 kilograms of cocaine. Apr. 24, 2019 Op. & Order 15–16, ECF No. 438. As such, the Court is unlikely to grant a motion for

2

acquittal. *See* Fed. R. Crim. P. 29(a) ("After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense *for which the evidence is insufficient to sustain a conviction*.") (emphasis added). Furthermore, the Court is unlikely to grant a motion for a new trial because the Defendant, in his motion or otherwise, has not demonstrated that the interest of justice requires a new trial. *See* Fed. R. Crim. P. 33(a). Therefore, the first condition has not been met.

The alternative second condition is also unfulfilled. This condition requires the Government to recommend that no sentence of imprisonment be imposed. In this case, the Defendant's offense of conviction carries a statutory minimum term of ten years imprisonment. Accordingly, the Government will not recommend that no sentence of imprisonment be imposed. *See United States v. Bond*, 456 F. Supp. 3d 1053, 1058 (E.D. Wis. 2020) ("Nor can the court find that the government does not plan to recommend a sentence of imprisonment—the defendant faces a ten-year mandatory minimum sentence, so the government has no choice but to recommend a sentence of imprisonment."). As neither of the § 3143(a)(2)(A) criteria have been satisfied, the Defendant is ineligible for release under § 3143(a).

**2.      *The Defendant Has Not Demonstrated by Clear and Convincing Evidence That He Is Unlikely to Flee or Pose a Danger to the Safety of Any Other Person or the Community if Released***

The Defendant is also ineligible for release because the Court cannot find that he is unlikely to flee or pose a danger to the safety of any other person or the community if released. The Defendant argues that he is not likely to flee or pose a danger to the community because he has already been detained for five years and has maintained good behavior during his period of detention, because he will have employment if released, and because his entire family lives in Indiana and he has lived in Indiana his entire life. Mot. 4–10, ECF No. 473. The Defendant

3

further represents that he will use his retirement account of approximately $68,000 as collateral for release and that he does not have a passport so he cannot leave the country. *Id.*

The Court has already found that there is a serious risk that the Defendant will not appear, that there is a serious risk that the Defendant will endanger the safety of another person or the community, and that the Defendant failed to rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. *See* Orders of Detention, ECF No. 12, 92. The Defendant's arguments do not persuade the Court to alter its prior findings. In summation, the Defendant's argument is that he is unlikely to flee or pose a danger to the community because the presence and support of his family and his career prospects offer him the opportunity to live a stable life that he would not jeopardize by fleeing the district or committing criminal offenses. However, the conditions described by the Defendant were present at the time of his initial offense and when the Court initially ordered his detention and, thus, they do not persuade the Court that the Defendant's release is warranted. The only new information presented to the Court is that the Defendant has been in custody for five years and during that time has maintained good behavior. The Defendant's recent good behavior is admirable; however, it does not demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to any other person or the community. Accordingly, the Defendant does not qualify for release under 21 U.S.C § 3143(a).

**B.      Release Under 18 U.S.C. § 3143(a)**

Under 18 U.S.C. § 3143(b),

(1) *Except as provided in paragraph (2)*, the judicial officer shall order that a person who has been found guilty of an offense and *sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari*, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

    (i)    reversal,

    (ii)    an order for a new trial,

    (iii)    a sentence that does not include a term of imprisonment, or

    (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (b)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b) (emphasis added). Even assuming that the Defendant's hypothetical appeal raises a substantial question of law or fact that is likely to be successful, the Court cannot release the Defendant based on 18 U.S.C. § 3143(b). Section 3143(b) specifically references a defendant who has been sentenced and has filed an appeal or a petition for a writ of certiorari. At this time, the Defendant has not been sentenced and, because judgment is not yet final, he has not filed an appeal. As such, § 3143(b) is inapplicable. *See United States v. Salome*, 870 F.Supp. 648, 650 (W.D. Pa. 1994). Furthermore, the Defendant, as previously explained, has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released. The Defendant's request to be released based on 18 U.S.C. § 3143(b) must be denied.

**C.      Release Under 18 U.S.C. § 3145(c)**

Although 18 U.S.C. § 3145(c) is titled "Appeal from a release or detention order," it is

generally accepted that § 3145(c) was "included as an avenue of relief from the mandatory

detention provisions," such as § 3143(a)(2). *United States v. Herrera-Soto*, 961 F.2d 645, 647

(7th Cir. 1992) (citing *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991)); *see also*

*United States v. Young*, No. 2:18-CR-21, 2020 WL 2092837, at *2 n.1 (N.D. Ind. Apr. 30, 2020)

(citing *Herrera-Soto*, 961 F.2d at 647). Under 18 U.S.C. § 3145(c),

> [a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who
> meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be
> ordered released, under appropriate conditions, by the judicial officer, if it is
> clearly shown that there are exceptional reasons why such person's detention
> would not be appropriate

18 U.S.C. § 3145(c). That is, a defendant who, by clear and convincing evidence, is not likely to

flee or pose a danger to the safety of any other person or the community if released, may be

released if they demonstrate the existence of an exceptional reason that would make their

detention inappropriate.

In this case neither of the requirements for release under 18 U.S.C. § 3145(c) are

satisfied. Foremost, the Defendant, as previously explained, has not demonstrated by clear and

convincing evidence that he is not likely to flee or pose a danger to the safety of any other person

or the community if released. This alone prevents the Defendant from being released under 18

U.S.C. § 3145(c).

Even if the Court did find that the Defendant is unlikely to flee or pose a danger to

society, the Defendant has failed to establish that an exceptional reason makes his imprisonment

inappropriate. The Defendant's Motion for Release Pending Sentencing and Outcome of Direct

Appeal [ECF No. 473] argues only that his appeal concerning the Court's denial of his motion to suppress constitutes an exceptional reason warranting his release.

The Defendant's intent to file an appeal does not constitute an exceptional reason that makes his imprisonment inappropriate. "[A] legal issue may be of such weight that it forms the basis of an 'exceptional reason' against detention," *Herrera-Soto*, 961 F.2d at 647 (citing *United States v. DiSomma*, 951 F.2d 494 (2nd Cir.1991)); however, the legal issues described in the Defendant's Motion fall short of being an exceptional reason warranting his release. The Court has already reviewed, considered, and rejected the arguments the Defendant intends to present to the Court of Appeals. Moreover, in its April 24, 2019 Opinion and Order, the Court explained that "even if evidence had been suppressed as requested in the Defendant's Motions to Suppress [ECF Nos. 33 and 406], and the Court had excluded the evidence from the hotel room, including the data from the Defendant's cellular telephone, and the Defendant's subsequent statements to the police—the Court would still find beyond a reasonable doubt that the Defendant was guilty of the indicted charge." Op. & Order 15. In other words, even if the Defendant were to succeed on his appeal, it would not necessarily overturn the Court's conviction. Accordingly, the Defendant's intention to file an appeal does not constitute an exceptional reason that makes his imprisonment inappropriate. See *Herrera-Soto*, 961 F.2d at 647 ("There is nothing out of the ordinary about the circumstances of this case that causes this appellate issue, although arguably meritorious, to transform Herrera-Soto's circumstances into exceptional reasons meriting release pending appeal.").

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion for Release Pending Sentencing and Outcome of Direct Appeal [ECF No. 473]. The Motion is denied

7

without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

      SO ORDERED on January 12, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
