UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:15-CR-10-HAB |
| DEWAYNE LEWIS | |

**OPINION AND ORDER**

Defendant, Dewayne Lewis, sent the Court a letter requesting a sentence reduction based on his mother's admission into the ICU. (ECF No. 634). The letter came shortly after the Court denied his motion to vacate his sentence under 28 U.S.C. § 2255. (ECF Nos. 596, 631). The Court thus construed his letter to be a motion for compassionate release, in response to which the Government raised exhaustion as a defense.[1] (ECF No. 639). In reply, Defendant stated, "[t]he [G]overnment is correct that I did not exhaust the administrative remedies at the BOP regarding any compassionate release."[2] (ECF No. 641 at 2). And exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) (collecting cases). The Court will thus deny Defendant's motion for failure to exhaust his administrative remedies with the BOP before availing himself to this forum.

Also in his reply, Defendant indicates that he intends exhaust his administrative remedies with the BOP and again move for compassionate release. He requests appointment of counsel from the Federal Community Defenders Office to help assist in that effort. (*Id.* at 3). But "[i]t is well established that there is no constitutional right to counsel to aid in the pursuit of compassionate

---

[1] When the Government raises exhaustion as a defense, a defendant must show that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

[2] Defendant further clarified that he submitted the letter for the Court's consideration regarding his motion under 28 U.S.C. § 2255. (ECF No. 641).

release under 18 U.S.C. § 3582(c)." *United States v. Stewart*, 2021 WL 3124353, at *6 (N.D. Ind. July 23, 2021). And Defendant does not lay any substantive basis as to why counsel is needed other than that it "would be in his best interest." (ECF No 641 at 3). His request for counsel will thus be denied too.

For these reasons, the Court DENIES Defendant's Motion for Compassionate Release and Request for Appointment of Counsel (ECF No. 634).

SO ORDERED on June 4, 2025.

 s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT